UNITED STATES of America, Plaintiff–Appellee,

v.

Manuel ARELLANO–ROCHA, Defendant–Appellant.

No. 91–8047.

United States Court of Appeals, Fifth Circuit.

Oct. 25, 1991.

Richard Jewkes, Hill & Ramos, El Paso, Tex. (Court-appointed), for defendant-appellant.

LeRoy Morgan John, David Rosado, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before DAVIS and BARKSDALE, Circuit Judges, and SCHWARTZ,[1] District Judge.

BARKSDALE, Circuit Judge:

As part of the process for determining the guidelines sentence of Manuel Arellano–Rocha, his criminal history category was increased by two points because he committed the offense (attempted escape) "while under [a] criminal justice sentence" for an earlier drug offense. U.S.S.G. § 4A1.1(d). He contends that this increase was improper, because at the time of the attempted escape, he had not been sentenced on the drug offense. We AFFIRM.

I.

In June 1990, Arellano–Rocha pleaded guilty to possession with intent to distribute marijuana (a felony), in violation of 21 U.S.C. § 841(a)(1) (drug offense). For this offense, and as discussed below, he was sentenced in October 1990, pursuant to 21 U.S.C. § 841(b)(1)(D), to 24 months' imprisonment, among other things.

Pending sentencing on the drug offense, he was imprisoned. Arellano–Rocha attempted to escape in September 1990. As a result, he was charged with attempted escape, in violation of 18 U.S.C. § 751(a).

As noted, Arellano–Rocha was sentenced in October 1990, on the drug offense. And, in November 1990, he pleaded guilty to the attempted escape. He was sentenced in December 1990 on that charge.

In calculating Arellano–Rocha's criminal history score for use in determining the sentence for the escape attempt, the probation officer recommended, among other things, the addition of two points, citing U.S.S.G. § 4A1.1(d), because "[t]he instant offense was committed while the defendant was imprisoned." Arellano–Rocha objected. At the December 1990 sentencing proceedings, Arellano–Rocha again objected, stating that at the time of the attempted escape, he "had not been sentenced [on the drug offense], and therefore should not be given the extra 2 points under the criminal history category." The district court overruled the objection and adopted the § 4A1.1(d) recommendation. It sentenced Arellano–Rocha, among other things, to 18 months' imprisonment, to run consecutive to the drug offense sentence.

II.

As noted, Arellano–Rocha challenges only the addition of the two points under § 4A1.1(d). It is well-established that in reviewing a guidelines sentence, we accept the district court's factual findings unless they are clearly erroneous, e.g., United States v. Mejia–Orosco, 867 F.2d 216, 218 (5th Cir.), cert. denied, 492 U.S. 924, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989), but we review de novo legal issues pertaining to application of the guidelines, e.g.,

1. Senior District Judge of the Eastern District of Louisiana sitting by designation.

*United States v. Ballard,* 919 F.2d 255, 257 (5th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 1429, 113 L.Ed.2d 481 (1991); 18 U.S.C. § 3742(e).

In general, for sentencing under the guidelines, the guideline range in months, from which the district court may depart in certain cases, is found in the sentencing table and is based upon two numerical factors: the offense level and the criminal history category. *See, e.g.,* U.S.S.G. § 1B1.1 and Ch. 5, Pt. A (Sentencing Table). The offense level and criminal history category are calculated through a point system established by the guidelines. The offense level is based upon the offense conduct (the type of offense), as adjusted for factors such as role in the offense or acceptance of responsibility. U.S.S.G. Chs. 2 & 3. Likewise, the criminal history category is based upon points awarded for certain "prior sentences" or other specified prior conduct, as adjusted for factors such as being a career offender. U.S.S.G. Ch. 4.

Section 4A1.1 provides the categories and applicable points for computing the base criminal history category:

   (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

   (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

   (c) Add 1 point for each prior sentence not included in (a) or (b), up to a total of 4 points for this item.

   (d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

   (e) Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item.

Section 4A1.2 establishes which "prior sentences" may be used ("counted") for § 4A1.1 purposes. In calculating Arellano–Rocha's criminal history category, the district court included, *inter alia,* not only three points for the drug offense, but also the two points in issue for the attempted escape while imprisoned as a result of the drug offense. Without the addition of these two points, Arellano–Rocha would have had six criminal history points, resulting in a criminal history category of III; with them (a total of eight points), his category was IV. Based upon his offense level (11), this resulted in his sentencing guideline range being 18 to 24 months, instead of 12 to 18 months (for a category III).

■ As quoted above, § 4A1.1(d) directs the district court to "[a]dd 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Arellano–Rocha contends that the two points were added in error: that he did not commit an offense (the escape attempt) "while under [a] criminal justice sentence," because at the time of the attempted escape, he had not been sentenced for the drug offense. Because the application notes to the sentencing guidelines support the district court's invocation of § 4A1.1(d), we reject this contention. Those notes state in part that "a 'criminal justice sentence' means a sentence countable under § 4A1.2 (Definitions and Instructions for Computing Criminal History)." U.S.S.G. § 4A1.1, comment. (n. 4).

■ The referenced § 4A1.2 provides that "[s]entences for all felony offenses [such as the drug offense] are counted" in computing the criminal history. U.S.S.G. § 4A1.2(c). Moreover, § 4A1.2(a) defines a "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere,* for conduct not part of the instant offense." *Id.* § 4A1.2(a)(1). As quoted above, a § 4A1.1 base criminal history category may include five types of prior conduct, including that in issue and three different point levels for "prior sentences". The application notes to § 4A1.2

further elaborate the definition of "prior sentence" and furnish the interpretive guide we rely on to decide this case:

> "Prior sentence" means a *sentence imposed prior to sentencing* on the instant offense, other than a sentence for conduct that is part of the instant offense. *See* § 4A1.2(a). A sentence imposed *after the defendant's commencement of the instant offense,* but prior to *sentencing* on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense.

U.S.S.G. § 4A1.2, comment (n. 1) (emphasis added). Section 1B1.7 elaborates the role the Sentencing Commission intended courts to give the guidelines commentary, including application notes. It states in part:

> The Commentary that accompanies the guideline sections may serve a number of purposes. First, it may interpret the guideline or explain how it is to be applied. Failure to follow such commentary could constitute an incorrect application of the guidelines, subjecting the sentence to possible reversal on appeal. *See* 18 U.S.C. § 3742. Second, the commentary may suggest circumstances which, in the view of the Commission, may warrant departure from the guidelines. Such commentary is to be treated as the legal equivalent of a policy statement. Finally, the commentary may provide background information, including factors considered in promulgating the guideline or reasons underlying promulgation of the guideline.

The commentary to § 1B1.7 analogizes the commentary to "legislative history or other legal material that helps determine the intent of a drafter." We note that at least two circuits have held that the application notes to the guidelines are not binding. *See United States v. Davis,* 932 F.2d 752, 764 (9th Cir.1991); *United States v. Dillon,*

905 F.2d 1034, 1039 n. 1 (7th Cir.1990). In any event, we rely on the application notes in this case because they furnish a clear answer to the objection Arellano–Rocha raises, they support the district court's interpretation, and their broad interpretation of "prior sentence" is consistent with the guidelines' approach generally. *See, e.g.,* U.S.S.G. § 4A1.1(d), application note 4 ("instant offense" broadly defined to include "any relevant conduct" and not merely conduct within the scope of the count(s) of conviction). This is also consistent with the Introductory Commentary to Chapter 4, Part A, of the guidelines, which provides in part:

> The Comprehensive Crime Control Act sets forth four purposes of sentencing. (*See* 18 U.S.C. § 3553(a)(2).) A defendant's record of past criminal conduct is directly relevant to those purposes. A defendant with a record of prior criminal behavior is more culpable than a first offender and thus deserving of greater punishment. General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence. To protect the public from further crimes of the particular defendant, the likelihood of recidivism and future criminal behavior must be considered. Repeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation.

As noted, the points included in calculating Arellano–Rocha's criminal history category included three points for the drug offense. But, it goes without saying that the attempted escape while imprisoned pending sentencing on that offense (he had pleaded guilty to the drug offense) is another enhancement factor that should be considered in determining the criminal history for use in arriving at the guideline range and sentence.[2] As discussed in the commentary to

---

**2.** This circuit has previously held that enhancing a defendant's sentence under § 4A1.1(d) where the second offense is escape does not result in "double counting". Thus, we have rejected the argument that a defendant so sentenced "has been sentenced twice for escape: once for the offense itself, and a second time

under provisions of the guidelines which authorize an increased sentence for one who commits an offense while ... under a criminal justice sentence." *United States v. Taylor,* 933 F.2d 307, 313 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 235, 116 L.Ed.2d 191 (1991).

§ 4A1.1, and as stated in § 4A1.2, certain aged prior sentences are not counted in computing this history. *See, e.g.,* U.S.S.G. § 4A1.1, comment. (n. 3). On the other hand, § 4A1.1(d), the section in issue, "implements one measure of recency by adding two points if the defendant was under a criminal justice sentence during any part of the instant offense." U.S.S.G. § 4A1.1, comment. (backg'd.).

Arellano–Rocha was sentenced for the drug offense (the "prior sentence") before being sentenced on the escape offense (the "instant offense"), even though the drug offense sentencing took place "after the defendant's commencement of the instant offense." And, escape from custody is a separate offense from the drug offense—the conduct that caused Arellano–Rocha to be incarcerated initially. Therefore, the drug offense sentence is a "prior sentence" that is "counted" within the meaning of the guidelines in calculating the criminal history. The district court's addition of two points because Arellano–Rocha was under a criminal justice sentence was proper.

■ Accordingly, for purposes of § 4A1.1(d), we hold that if a defendant commences an offense following conviction for an earlier offense, but before sentencing on that earlier offense, he or she nevertheless commits the instant offense "while under [a] criminal justice sentence", so long as: (1) the conduct involved in the instant offense was not part of the earlier offense; and (2) the defendant is sentenced on the earlier offense before being sentenced on the instant offense.

### III.

Because the district court did not err in its application of the sentencing guidelines, the judgment is

AFFIRMED.