**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 91-5574**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**GERALD GUERRA,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Western District of Texas

_____

(May 28, 1992)

Before SNEED,[1] REAVLEY, and BARKSDALE, Circuit Judges.

BARKSDALE, Circuit Judge:

Appealing only his sentence, Gerald Guerra contends that his Guidelines § 4B1.1 career offender enhancement was improper, specifically challenging the holding that his predicate conviction for attempted burglary is a "crime of violence" within the meaning of the guideline. Because we find a guidelines application note dispositive, we **AFFIRM**.

I.

Guerra pleaded guilty to distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). At sentencing, he unsuccessfully opposed the career offender enhancement requested by the government,

---

[1] Senior Circuit Judge of the Ninth Circuit sitting by designation.

asserting that attempted burglary was not one of the crimes of violence enumerated in the guideline and did not otherwise meet the guidelines definition.[2] Guerra was sentenced to 168 months' imprisonment, at the bottom end of the applicable career offender sentencing range.[3]

## II.

The holding that Guerra's attempted burglary conviction qualifies as a predicate offense for § 4B1.1 enhancement is a conclusion of law, reviewed *de novo*. *E.g.*, **United States v. Shano**, 955 F.2d 291, 294 (5th Cir.), *cert. dismissed*, __ U.S. __, 112 S. Ct. 1520 (1992).

"A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a

---

[2] The initial pre-sentence investigation report (PSI) recommended that he be sentenced as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2, because of prior convictions for aggravated assault and burglary of a habitation. Because the probation officer subsequently determined, on Guerra's objection, that the aggravated assault conviction did not qualify as one of the two requisite predicate offenses for enhancement purposes, a revised PSI did not include the enhancement recommendation. The government objected to the revised PSI and proposed that Guerra's conviction for attempted burglary of a habitation was the requisite second predicate conviction. At sentencing, the government contended that the attempted burglary was a "crime of violence" for enhancement purposes because it "involve[d] conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(1)(ii). As discussed *infra*, we need not reach this issue.

[3] Without the enhancement, Guerra's sentencing range was 24 to 30 months; with it, 168 to 210.

crime of violence or a controlled substance offense."  U.S.S.G. §

4B1.1.  The term "crime of violence" is defined in § 4B1.2 as

> any offense under federal or state law punishable by imprisonment for a term exceeding one year that --
>
> > (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G.  §  4B1.2(1)(i)-(ii).  Importantly  for  this  appeal,

application note 1 in the official commentary to § 4B1.2 specifies

that "[t]he term[] `crime of violence' ... include[s] the offense[]

of ... attempting to commit such offense[]."  U.S.S.G. § 4B1.2,

comment. (n.1).

Guerra does not dispute that the instant offense, distribution

of cocaine, is a "controlled substance offense".  Nor does he

challenge the designation of his prior conviction for burglary as

a "crime of violence".  The only issue is whether the attempted

burglary qualifies as the other predicate conviction (a "crime of

violence") for enhancement purposes.

In  district  court,  the  government  did  not  rely  upon

application note 1; it did not even mention it.  Instead, as

discussed in note 2, *supra*, it relied upon the residual clause in

§ 4B1.2(1)(ii), that the attempted burglary "presente[d] a serious

potential risk of physical injury to another."  In its initial

brief here, it took the same position.[4]    But, note 1 answers Guerra's objection.    The guideline specifically designates "burglary of a dwelling" as an eligible predicate offense for enhancement, and the commentary states that the term "crime of violence" includes attempts to commit the offenses enumerated in the guideline.  *See* ***United States v. Liranzo***, 944 F.2d 73, 78 (2d Cir. 1991) (prior conviction for attempted criminal possession of cocaine was a predicate offense for § 4B1.1 enhancement because "[t]he plain language of Application Note 1 made the `attempt' conviction a `controlled substance offense.'").

This court relies on the official commentary to determine the intent of the Sentencing Commission.  For example, in ***United States v. Arellano-Rocha***, 946 F.2d 1105, 1108 (5th Cir. 1991), we utilized the application notes to determine the definition of "prior sentence" because they  "furnish[ed] a clear answer to the objection [the defendant] raise[d], they support[ed] the district court's interpretation, and their ... interpretation of `prior sentence' [was] consistent with the guidelines' approach generally."  *See also* ***United States v. Gaitan***, 954 F.2d 1005, 1010 (5th Cir. 1992) (lack of commentary on issue of guidelines interpretation was "telling" as to whether Sentencing Commission intended to favor government's interpretation); ***United States v.***

---

[4]    Because we hold that the Sentencing Commission intended attempted burglary to be an enumerated offense within the career offender guideline, *i.e.*, the enumerated "burglary" includes "attempting to commit" burglary by application of note 1, we need not decide whether attempted burglary falls within the residual clause of § 4B1.2(1)(ii).

- 4 -

*Brigman*, 953 F.2d 906, 908 (5th Cir. 1992) (Sentencing Commission intended amendments to guidelines' commentary to clarify guidelines' application; failure to follow commentary could constitute grounds for reversal on appeal).

Guerra advances several reasons for not relying on the note; none is persuasive.[5] First, he emphasizes that: the district court was not aware of the application note concerning attempts, because the government did not point it out; and, the government did not raise the issue on appeal -- instead, we asked for, and received, supplemental briefs from both parties on the point. In short, he asserts that the government waived relying upon the note.

We can ground our decision on the official commentary, even though the government did not cite it in the district court or in its initial brief. Guidelines § 1B1.7 covers the role the Sentencing Commission intended courts to give the commentary, including the application notes. It states in part:

---

[5] One contention, totally lacking in merit, is that the note "is a vestige of an early version of the career offender guideline" and has been rendered invalid by the change, in 1989, of the definition for "crime of violence". Note 1 provides that "[t]he terms `crime of violence' and `controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, comment. (n.1). It is similar to part of the pre-1989 version of note 2 to § 4B1.2 (defining only "controlled substance offense"). Note 1 became effective November 1, 1989, as part of amendments designed "to clarify the definitions of crime of violence and controlled substance offense" in the career offender guideline. U.S.S.G. App. C, amend. 268. That same amendment added to § 4B1.2(1) a definition of crime of violence that was derived from 18 U.S.C. § 924(e). *Id.* (*See infra* for a discussion of § 924(e).) Although the Sentencing Commission again clarified the definition of crime of violence in an amendment effective November 1, 1991, it did not change note 1. *See id.*, amend. 433. Guerra was sentenced in March 1991.

> The Commentary that accompanies the guideline sections may serve a number of purposes. *First, it may interpret the guideline or explain how it is to be applied.* Failure to follow such commentary could constitute an incorrect application of the guidelines, subjecting the sentence to possible reversal on appeal. *See* 18 U.S.C. § 3742.

(Emphasis added.) The commentary to § 1B1.7 analogizes commentary to "legislative history or other legal material that helps determine the intent of a drafter." *See* **Arellano-Rocha**, 946 F.2d at 1108. Obviously, even if never cited by a party, we can -- indeed must -- consider the commentary to the guideline used by the district court.[6]

Second, Guerra contends that interpreting "crime of violence" to encompass attempted burglary conflicts with our recent holding in **United States v. Martinez**, 954 F.2d 1050, 1054 (5th Cir. 1992), that "a conviction under Texas law for attempted burglary does not qualify as a sentence-enhancing `violent felony' under the language of [18 U.S.C.] § 924(e)(2)(B)(ii)."[7] Section 924(e), part of the Armed Career Criminal Act, "provides a sentence enhancement for a defendant who is convicted under 18 U.S.C. § 922(g) (unlawful

---

[6] Guerra is incorrect that our decision in **United States v. Garcia-Pillado**, 898 F.2d 36 (5th Cir. 1990) supports his position. **Garcia-Pillado** held that the government waived its objection to imposition of a guidelines sentence that was less than the statutory minimum when it did not object in the district court. *Id*. at 38-40. Here, the government did not fail to raise its contention -- that attempted burglary is a crime of violence -- in the district court; rather, on appeal -- at our suggestion -- it relies on a new legal authority, or basis, for a position it has already taken.

[7] Because **Martinez** was not rendered until after briefing in this appeal was completed, our request for supplemental briefs included its applicability *vel non*.

possession of a firearm) and who has three prior convictions for specified types of offenses, including `burglary.'" ***Taylor v. United States***, 495 U.S. 575, 577-78 (1990).

   ***Martinez*** does not control this case.  It is true that the guidelines' definition of "crime of violence" is derived from the definition of "violent felony" in § 924(e).[8]  *See* note 5, *supra*; U.S.S.G. App. C, amend. 268; ***United States v. Parson***, 955 F.2d 858, 866 n.10, 867 (3d Cir. 1992).  However, in adopting and amending § 4B1.2, the Sentencing Commission chose to implement a different standard than the one Congress enacted in § 924(e).  *See* U.S.S.G. § 4B1.4, comment. (n.1) ("The term[] `violent felony' ... [is] defined in 18 U.S.C. § 924(e)(2).  It is to be noted that the definition[] of `violent felony' ... in [that statute] [is] not identical to the definition[] of `crime of violence' ... used in § 4B1.1 (Career Offender)".); ***Parson***, 955 F.2d at 870 ("The Sentencing Commission has told us ... that the definitions in U.S.S.G. § 4B1.2(1) and 18 U.S.C. § 924(e)(2)(B) differ.")  Therefore, the meaning of "crime of violence" for purposes of the career offender guideline is not the same as what we interpreted

_____

[8]    Section 924(e) defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that--

>          (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>          (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another".

18 U.S.C. § 924(e)(2)(B)(i)-(ii).

"violent felony" to include for purposes of the Armed Career Criminal Act in *Martinez*.

Furthermore, because of the Sentencing Commission's determination that attempted burglary should be a predicate offense for enhancement, as contrasted with the lack of any such indication in § 924(e), a different outcome is appropriate. In *Martinez*, we said that

> if Congress had wished to include attempted burglary as an offense warranting sentence enhancement, it easily could have done so. Section 924(e) explicitly mentions burglary; if Congress believed that the attempt should be treated the same way as the crime itself, it could have said so with virtually no effort. The Government, however, presents no argument from the legislative history that the Congress even considered including the crime of attempted burglary -- or any other attempt -- when it was considering § 924(e).

954 F.2d at 1053. This case is different. Our task, obviously, is to discern the Sentencing Commission's intent, *see Parson*, 955 F.2d at 868, whereas the *Martinez* court, in applying a statutory enhancement, was interpreting Congressional intent. And, here, we know from reading note 1 that the Commission intended for attempts to commit the enumerated offenses to be included as predicate offenses for the career offender guideline. In sum, we should not deviate from a plain reading of the guidelines and their official commentary. Concomitantly, the use of note 1, instead of the residual clause to § 4B1.2(1)(ii), avoids uncertainty, promotes simplicity, and fosters uniformity and consistency in this aspect of sentencing (career offender enhancements), thereby comporting with salutary goals of the guidelines.

III.

For the foregoing reasons, the judgment is

**AFFIRMED**.