UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40467
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO L. ABRON; GREGORY DARNELL WILLIAMS,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(9:94-CR-21-1)
_____

May 7, 1996

Before POLITZ, Chief Judge, JONES and BARKSDALE, Circuit Judges.

By EDITH H. JONES, Circuit Judge:[*]

Gregory Darnell Williams and Antonio L. Abron were convicted of conspiring to traffic in crack cocaine. Williams was sentenced to 360 months in prison; Abron was sentenced to 260 months in prison. They now appeal their convictions and sentences. We affirm.

I.   BACKGROUND

In the early morning hours of March 24, 1994, Deputy Sheriff Brandon Lovell observed the appellants' car travelling

_____

[*]     Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

extremely slowly and veering from lane to lane on Interstate Highway 59 in East Texas. Suspecting the driver was intoxicated, Lovell stopped the car. Williams, the driver, identified himself as "Carlos Jones." He had no identification with him, but told Lovell he did have a driver's license. Lovell ran a computer check and found no license issued to a "Carlos Jones" with the birth date given. Similarly, the passenger, Abron, did not have a driver's license with him, although he told Lovell he did have one. Lovell ran a computer check and found that Abron's license had expired.

At that point, Lovell determined the car would have to be towed, pursuant to Polk County, Texas policy, because Williams did not have a license. Also pursuant to Polk County policy, Lovell began an inventory of the car. In plain view on the back seat, he found a package of cocaine. Lovell placed both appellants under arrest for cocaine possession.

The Polk County Sheriff's Department impounded the car and conducted a complete inventory, which revealed more cocaine hidden under the back seat.

After being read their Miranda rights and signing waiver forms, the appellants confessed. Abron told Narcotics Officer Nettles that Ray Brown, a well-known drug dealer, had approached him in Winnfield, Louisiana and hired him to "make a run to Houston" for cocaine. Abron explained that Brown had given him $2600, instructed him to go to an apartment near Greenspoint Mall in Houston where he met with Reginald and Dennis Brown and exchanged the money for crack cocaine. Abron testified that he was

2

returning to Louisiana when he was stopped and that he had been paid $500 for the run. In Abron's presence, Williams a/k/a Carlos Jones gave a similar account.

The appellants then offered to help the police entice Ray Brown from Louisiana into Texas to be apprehended. The following evening, they travelled to the Louisiana border with several officers and a DEA agent. However, the attempt was unsuccessful.

The jury convicted Williams and Abron each of one count of conspiring to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Williams and Abron timely appealed.

## III. DISCUSSION

In reviewing the appellants' convictions, this court views the evidence in the light most favorable to the Government and assesses whether a rational jury could have found beyond a reasonable doubt that the government proved each element of the charged offense. U.S. v. Velgar-Vivero, 8 F.3d 236, 239 (5th Cir. 1993), cert. denied sub nom. by Rivas-Cordova v. U.S., __. U.S. __, 114 S.Ct. 1865. We review the district court's factual findings on the suppression motion for clear error and its legal conclusions de novo. U.S. v. Seals, 987 F.2d 1102, 1106 (5th Cir.), cert. denied, __ U.S. __, 114 S.Ct. 155 (1993). Further, we give great deference to the district court's application of the Sentencing Guidelines. U.S. v. Humphrey, 7 F.3d 1186, 1189 (5th Cir. 1993).

3

Williams contends first that the district court erred in denying his motion to suppress the cocaine found in the car. Williams argues that the traffic stop leading to his arrest and the finding of the cocaine was illegal because Officer Lovell did not have "probable cause" to stop him. To the contrary, Williams does not dispute that he was veering from lane to lane. Not only could such weaving constitute a valid reason for a traffic stop, but as the court found, the erratic driving gave rise to a reasonable suspicion that the driver might be intoxicated.[1]

Second, we reject Williams's argument that the district court erred in enhancing his sentence two base offense levels for obstruction of justice under U.S.S.G. § 3C1.1. Williams provided a false name to Officer Lovell upon arrest. When a federal indictment was issued in the name of "Carlos Jones", the "real" Carlos Jones was erroneously arrested. The government then had to issue a superseding indictment in the correct name. Further, Williams's use of "Carlos Jones" hindered the police's attempts to apprehend Ray Brown. It is probable that the law enforcement officers were not successful in enticing Brown into Texas because Williams used a false name when trying to contact him. Therefore, the district court did not clearly err in finding that Williams had obstructed justice and in enhancing his sentence accordingly.

Williams next contends that the district court erred in not reducing his sentence for acceptance of responsibility under

---

[1]    U.S. v. Thomas, 12 F.3d 1350, 1355 (5th Cir.), cert. denied sub nom., Sanchez v. U.S., __ U.S. __, 114 S.Ct. 1861 (1994).

4

U.S.S.G. § 3E1.1. We disagree. The official Commentary explains that this section does not ordinarily apply to defendants who put the Government to the burden of proof at trial. U.S.S.G. § 3E1.1, n.2. The Commentary further states that the court should consider whether the defendant truthfully admitted his guilt. U.S.S.G. § 3E1.1, n.1(a). Williams not only forced the Government to prove its case at trial, but, notwithstanding his confession to Officer Nettles, Williams told his probation officer that he did not know drugs were in the car and that he went to Houston to deliver records to a radio station.

Fourth, we reject Williams's argument that the district court erred in enhancing his base offense sentencing level because he was a career offender. See U.S.S.G. § 4B1.1. For purposes of sentencing, a defendant is a career criminal if he has at least two prior felony convictions of either a crime of violence or of a controlled substance. U.S.S.G. § 4B1.2. A crime of violence includes forcible sex offenses. U.S.S.G. § 4B1.1, n.2. We review de novo whether Williams's prior conviction for attempted aggravated battery constitutes one of the predicate offenses under § 4B1.1. U.S. v. Guerra, 962 F.2d 484, 485 (5th Cir. 1992). This is not a close call. Attempted aggravated battery is a crime of violence; the use of force is an inherent element of that offense. Indeed, Williams was originally charged with rape, but the charge was reduced in a plea bargain to attempted aggravated battery.

Abron's arguments on appeal are no more persuasive. The evidence was sufficient to support his conviction for conspiracy.

5

Abron confessed that he had been hired by Ray Brown to make a "cocaine run" to Houston, from which he and Williams were returning. The amount of cocaine found in their car was consistent with an intent to distribute. A jury could reasonably infer that two persons hired by the same drug dealer to pick up drugs from the same two persons from exactly the same place at the same time and who were travelling in the same car were conspiring to traffick in cocaine.

We also reject Abron's argument that the district court erred in enhancing his sentence two base offense levels for obstruction of justice under U.S.S.G. § 3C1.1. The official Commentary explains that "[u]nder this section, the defendant is accountable for his own conduct and for conduct that he aided or abetted . . . ." U.S.S.G. § 3C1.1, n.7. Abron stood by, taking part in Williams's elaborate ruse to assist the law officers in apprehending Ray Brown. Because Abron knew Williams was using a false name, Abron knew the effort was doomed to fail and knew he was wasting the officers' time. The district court did not err in finding that Abron had obstructed, and aided or abetted in obstructing, justice.

### III. CONCLUSION

The convictions and sentences of the appellants are **AFFIRMED**.

6