# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

No. 98-51125
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR HARRIS STIER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-97-CV-316-JRN
_____

May 18, 2000

Before POLITZ, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

   Arthur Harris Stier appeals the denial of his 28 U.S.C. § 2255 motion to vacate,

correct, or set aside his sentences for conspiracy and attempted escape.  Stier argues

that his appellate attorney was ineffective for failing to challenge the district court's

decision to impose the conspiracy and escape sentences consecutively to Stier's

prior sentences for controlled substance offenses.  Stier argues that the imposition of

   [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consecutive sentences constitutes impermissible "double counting" because Stier's offense level for the controlled substance convictions was enhanced for obstruction of justice based on the escape attempt.

Although sentencing issues are not cognizable under § 2255 because they are not of constitutional dimension, this court will address sentencing arguments raised in a § 2255 motion if they are presented in the context of an ineffective-counsel claim.[1] To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense.[2] When a defendant challenges an appellate attorney's failure to argue a sentencing issue, the defendant must establish a reasonable probability that counsel's failure to raise the issue resulted in a sentence that is unreliable or fundamentally unfair.[3]

It is undisputed that Stier was serving an unexpired sentence for the drug offenses when he attempted to escape.[4]

The sentencing guidelines in effect at the time Stier was sentenced specifically provide for consecutive sentences for offenses committed by a

---

[1]United States v. Ressler, 54 F.3d 257 (5th Cir. 1995).

[2]Strickland v. Washington, 466 U.S. 668 (1984).

[3]Goodwin v. Johnson, 132 F.3d 162 (5th Cir. 1998); see Lockhart v. Fretwell, 506 U.S. 364 (1993).

[4]United States v. Arellano-Rocha, 946 F.2d 1105 (5th Cir. 1991) (defendant who attempted to escape following his conviction but prior to sentencing was nevertheless "under a criminal justice sentence" when he committed the escape offense).

defendant while he is serving a term of imprisonment.[5]  Furthermore, prior to Stier's appeal, this court had rejected a defendant's argument that his sentence for escape should not be imposed consecutively to his sentence for the underlying offense.  The court held that escape was a "separate and distinct offense" from the offense for which the defendant was imprisoned at the time of his escape and that § 5G1.3 mandated the imposition of a consecutive term of imprisonment.[6]

Because Stier cannot demonstrate he would have prevailed in challenging the imposition of a consecutive sentence for escape on direct appeal, we AFFIRM the district court's denial of § 2255 relief.[7]

AFFIRMED.

---

[5]U.S.S.G.§ 5G1.3 (Nov. 1990).

[6]United States v. Vickers. 891 F.2d 86, 88-89 (5th Cir. 1989).

[7]Goodwin, 132 F.3d at 174-76; Vickers. 891 F.2d at 88-89.