IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30957
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CHARLES RAY SMITH, JR.,
also known as Charlieman,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 93-CR-50054-ALL
- - - - - - - - - -
June 14, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Charles Ray Smith, Jr., appeals from the sentence imposed

following his guilty plea conviction for carjacking.  Smith

argues that the district court erred in adding three points to

his criminal history score because (1) his guilty plea to the

escape and firearm charge was not a prior sentence under U.S.S.G.

§ 4A1.1(a) because the escape was actually conduct constituting

part of the carjacking offense, and (2) his conviction for use of

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

a firearm during an escape is invalid under <u>Bailey v. United States</u>, 516 U.S. 137 (1995).

Because Smith did not challenge the addition of the three points to his criminal history score for his conviction related to his escape, this court's review is for plain error only. <u>See</u> <u>United States v. Rodriquez</u>, 15 F.3d 408, 414 (5th Cir. 1994). Smith has not shown that the district court plainly erred when it added three criminal history points for the escape and firearm conviction. <u>United States v. Arrellano-Rocha</u>, 946 F.2d 1105 (5th Cir. 1991). Even if the district court could have addressed the validity of Smith's prior firearm conviction, the degree to which Smith participated in the escape is a question of fact. Questions of fact at sentencing capable of resolution by district court can never be plain error. <u>United States v. Vital</u>, 68 F.3d 114, 119 (5th Cir. 1995)). We decline to exercise our discretion to consider the issue for the first time on appeal.

AFFIRMED.