**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-30311
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

               VERSUS

          ROBERT CLAIBORNE,

                              Defendant-Appellant.


_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____

January 6, 1998

Before JONES and SMITH, Circuit Judges, and SHAW,[*] District Judge.

PER CURIAM:


Robert Claiborne challenges his sentence, arguing that the district court erred in treating the attempted unauthorized entry of an inhabited dwelling as a "crime of violence" for purposes of the career offender provisions of the United States Sentencing Guidelines. We affirm.

_____

[*] District Judge of the Western District of Louisiana, sitting by designation.

## I.

Claiborne was indicted on six counts of bank robbery in violation of 18 U.S.C. § 2113(a). He pleaded guilty to all counts. At sentencing, the district court applied the Guidelines' career offender provisions, U.S.S.G. §§ 4B1.1, 4B1.2, based on Claiborne's prior convictions for burglary of a residence and for attempted unauthorized entry of an inhabited dwelling. Claiborne objected on grounds that the latter offenseSSattempted unauthorized entrySSwas not a "crime of violence" under U.S.S.G. § 4B1.2(a) and thus could not support sentencing under the harsher provisions for career offenders. Although the government did not oppose the objection, the district court overruled it and sentenced Claiborne to a term of 188 months.

## II.

The sole issue on appeal is whether the district court erred in characterizing Claiborne's prior conviction as a crime of violence. The government joins Claiborne in arguing that the district court misapplied the Guidelines. We will uphold a sentence unless it was imposed in violation of the law, resulted from an erroneous application of the Guidelines, or represents an unreasonable departure from the authorized range. *United States v. Kirk*, 111 F.3d 390, 393 (5th Cir. 1997). We review a district court's interpretation of the Guidelines *de novo*, and its findings of fact for clear error. *United States v. Hawkins*, 69 F.3d 11, 12 (5th Cir. 1995).

A.

Defendants deemed career offenders are subject to longer sentences under the Guidelines. To earn career offender status, a defendant must satisfy three requirements: He must have been at least eighteen years old at the time of the instant offense of conviction; the instant offense of conviction must be a felony that is either a crime of violence or a controlled substance offense; and the defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. Claiborne does not dispute that he meets the first two requirements; his focus, and ours, is on the third.

The term "crime of violence" is defined in U.S.S.G. § 4B1.2(a):

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that SS
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

We agree with Claiborne that attempted unauthorized entry cannot be characterized as a crime of violence under subsection (a)(1). Claiborne violated LA. REV. STAT. 14:62.3 (the unauthorized entry statute) and LA. REV. STAT. 14:27 (the attempt statute). The former provides in relevant part: "Unauthorized entry of an inhabited

3

dwelling is the intentional entry by a person without authorization into any inhabited dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person."[2]  Because force, or the attempted or threatened use of force, is not an element of the offense, attempted unauthorized entry cannot qualify as a crime of violence under subsection (a)(1).  Nor is attempted unauthorized entry one of the enumerated crimes listed in the first half of subsection (a)(2).

We disagree, however, with Claiborne's reading of the second half of that subsection§§the residual clause§§which defines a violent crime as any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." For the reasons discussed below, we interpret this language as encompassing the offense of attempted unauthorized entry of a dwelling.  Accordingly, we hold that the district court did not misapply the Guidelines when sentencing Claiborne.

Claiborne   launches   a   double-barreled   attack   on   this

---

[2] The attempt statute, LA. REV. STAT. 14:27, provides in relevant part:

A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.

B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.

C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.

4

conclusion. First, he argues that his offense cannot be classified as violent under *Taylor v. United States*, 495 U.S. 575 (1990). There, the Court held that a conviction under a state burglary statute may qualify as a violent felony if the statute contains "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, *with intent to commit a crime*." *Id*. at 599 (emphasis added). Claiborne correctly observes that the Louisiana unauthorized entry statute lacks a criminal intent requirement, but he downplays a crucial distinctionSSthe *Taylor* Court was construing a single word in 18 U.S.C. § 924(e), *not* the provision at issue here: the residual clause of U.S.S.G. § 4B1.2. The Court did not specify what statutory elements must be present before a crime may be classified as violent, but instead answered a far narrower questionSSwhat types of offenses Congress meant by the word "burglary" in the context of sentence enhancement under § 924(e).

Even if we accept the government's argument that cases construing § 924(e) may be applied in a Guidelines context,[3] all *Taylor* tells us is that unauthorized entry is not burglary; accordingly, Claiborne's sentence may not be upheld on grounds that

---

[3] A questionable proposition at best, given our remarks in *United States v. Guerra*, 962 F.2d 484 (5th Cir. 1992), where we construed "crime of violence" for purposes of U.S.S.G. § 4B1.2. We noted that *United States v. Martinez*, 954 F.2d 1050 (5th Cir. 1992), a case arising under 18 U.S.C. § 924(e), "does not control this case. It is true that the guidelines' definition of 'crime of violence' is derived from the definition of 'violent felony' in § 924(e). However, in adopting and amending § 4B1.2, the Sentencing Commission chose to implement a different standard than the one Congress enacted in § 924(e). Therefore, the meaning of 'crime of violence' for purposes of the career offender guideline is not the same as what we interpreted 'violent felony' to include for purposes of the Armed Career Criminal Act in *Martinez*." *Guerra*, 962 F.2d at 487 (footnote and internal citations omitted).

5

he committed "burglary." *Taylor* does not answer the question whether Claiborne's offense "otherwise involves conduct that presents a serious potential risk of physical injury to another."

We have upheld sentences on the basis of other crimes not enumerated in the Guidelines, but that qualified as violent under the residual clause. For example, in *Kirk*, we concluded that the offense of sexual indecency with a child involving sexual contact qualified as a crime of violence under the residual clause. Similarly, in *United States v. Hawkins*, 69 F.3d 11, 13 (5th Cir. 1995), we relied on the residual clause in holding that felony theft from a person was a crime of violence. Accepting Claiborne's argument that we must confine ourselves to the statutory elements of the crime would render the residual clause a nullity.

Claiborne next argues that his offense did not pose a risk of physical injury because, unlike a burglar, an individual convicted of unauthorized entry does not necessarily act with criminal intent. We do not agree that a home invader's nonfelonious mindset eliminates the risk of physical injury to his victims. As noted in *United States v. Guadardo*, 40 F.3d 102, 104 (5th Cir. 1994), in which we held that burglary of a habitation under the Texas Penal Code is a crime of violence for purposes of 18 U.S.C. § 16, "whenever a private residence is broken into, there is *always* a substantial risk that force will be used" (emphasis in original). *See also United States v. Jackson*, 22 F.3d 583, 584-85 (5th Cir. 1994) (distinguishing between burglaries of private residences and burglaries of unoccupied buildings for purposes of U.S.S.G.

6

§ 4B1.2). A homeowner's surprise confrontation with an intruder is laced with the potential for violence, regardless of whether the intruder is a burglar or merely an unauthorized entrant.[4]

Although Claiborne himself eschews this argument, the government pounces on the distinction between a conviction for unauthorized entry and a conviction for *attempted* unauthorized entry. It invokes *United States v. Martinez*, 954 F.2d 1050 (5th Cir. 1992), as authority that attempted entry poses no significant risk of physical injury. In *Martinez*, we concluded that "the crime of attempted burglary simply cannot be said to present the sort of categorical danger of serious risk of injury to others that is required to count an offense as a 'violent felony.'" *Id*. at 1054 n.3. But the government ignores application note 1 of the commentary to U.S.S.G. § 4B1.2, which explicitly provides that "'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."[5]

In *Martinez*, we had no need to confront this language, because the case arose not under the Guidelines, but under 18 U.S.C.

---

[4] In determining whether a defendant committed a crime of violence for purposes of U.S.S.G. § 4B1.2, we may consider his specific conduct that resulted in conviction. *Kirk*, 111 F.3d at 395 n.8; *Jackson*, 22 F.3d at 585. The underlying facts of Claiborne's conviction for attempted unauthorized entry are not set forth in the briefs, but the presentence report notes that he, accompanied by two men, attempted to enter the inhabited dwelling of a woman living in New Orleans.

[5] Commentary in the Guidelines Manual "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with . . . that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993).

§ 924(e), which was silent as to the treatment of attempt.[6]  In promulgating U.S.S.G. § 4B1.2, the Sentencing Commission erased the very distinction the government urges us to recognize.  For purposes of the Guidelines' career offender provisions, the defendant's conviction for an attempted crime is treated as though he completed the act.

AFFIRMED.

---

[6] We observed that "if Congress had wished to include attempted burglary as an offense warranting sentence enhancement, it easily could have done so. . . . [I]f Congress believed that the attempt should be treated the same way as the crime itself, it could have said so with virtually no effort.  The Government, however, presents no argument from the legislative history that the Congress even considered including the crime of attempted burglarySSor any other attemptSSwhen it was considering § 924(e)." *Martinez*, 954 F.2d at 1053.