**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 97-41047

---

UNITED STATES OF AMERICA

Plaintiff - Appellee

VERSUS

PAUL N. FIELDING

Defendant - Appellant

---

Appeal from the United States District Court
for the Eastern District of Texas
(4:97-CR-32)

---

October 2, 1998

Before REAVLEY, DAVIS, and DUHÉ, Circuit Judges.

Per Curiam:[1]

BACKGROUND

Appellant, Paul Fielding ("Fielding"), was a member of the Dallas City Council when he was indicted for, among other things, mail fraud and extortion. Six days after Fielding's jury trial began, he pled guilty to a two-count information which charged that Fielding used the mails to defraud the shareholders of Mason Rich, a Dallas based factoring company of which he was vice-president. According to the information, the mail fraud involved a scheme to

---

[1]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

defraud investors by mailing a fraudulent private placement memorandum, soliciting investment in Mason Rich. The information also charged that he conspired to extort Handy Andy Janitorial Service ("Handy Andy") into purchasing cleaning supplies from a company controlled by Fielding.

In the plea agreement, Fielding acknowledged his understanding that he would be sentenced under the United States Sentencing Commission's Guidelines ("Guidelines") and waived his right to appeal, except for the application of the Guidelines. Fielding stated that he was satisfied with the services of his attorneys both in the plea agreement and in the Rule 11 hearing. Fielding also executed a factual resume which described and admitted his conduct, including the elements of the offenses charged in the information.

At his plea hearing, Fielding testified that he discussed the Guidelines with counsel, understood his right to continue with his trial, and was satisfied with his legal representation. He also testified that his plea was knowing and voluntary and that all facts set forth in the factual resume were true.

Subsequently, Fielding moved to withdraw his guilty plea, contending that he was coerced into pleading guilty because his trial attorneys advised him that he would receive 25 to 40 years in prison if convicted. Following an evidentiary hearing, the district court denied Fielding's motion. The court relied on affidavits from Fielding's trial counsel denying that they told Fielding he would spend 25 to 40 years in prison.

At the sentencing hearing, Fielding objected to the inclusion of his fraud against Miller Brewing Company ("Miller") and his extortion of Electronic Data Systems ("EDS") as relevant conduct. Rejecting Fielding's challenge, the district court found that Fielding defrauded Miller and extorted EDS. The court sentenced Fielding to 41 months in prison, 3 years supervised release, and $890,942.46 in restitution.

Fielding appeals, maintaining: (1) the court erred in refusing to allow him to withdraw his guilty plea; (2) his plea was not knowing and voluntary; (3) his counsel was ineffective; (4) the information to which he pled failed to state a Hobbs Act violation and there was no factual basis for the plea; and (5) the district court erred in calculating his sentence under the Guidelines. We affirm.

## DISCUSSION

Fielding contends that the district court erred by refusing to allow Fielding to withdraw his guilty plea. See Fed. R. Crim. P. 32(e). We review the denial of a defendant's motion to withdraw a guilty plea for abuse of discretion. See U.S. v. Grant, 117 F.3d 788, 789 (5th Cir. 1997)(citing United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995).

A trial court should consider seven factors in determining whether to allow a defendant to withdraw his guilty plea: (1) does the defendant assert his innocence; (2) prejudice to the government if the withdrawal motion were granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the

withdrawal would substantially inconvenience the court; (5) whether the close assistance of counsel was available; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. See United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984). Applying these factors, the district court denied Fielding's motion. We conclude that the district court did not abuse its discretion.

Fielding maintains that he received ineffective assistance of counsel and that his plea was not knowing and voluntary. According to Fielding, he decided to plead guilty because he was wrongly advised that he would have to serve 25 to 40 years in prison if convicted at trial. We review a district court's findings of fact for clear error. See United States v. Stevenson, 126 F.3d 662, 664 (5th Cir. 1997). The court found that Fielding's attorneys did not tell him that he was facing 25 to 40 years in prison. The court noted that Fielding was a sophisticated businessman who told the court that he was satisfied with the services of his counsel. The court also found that Fielding knowingly acknowledged his guilt to the court and to the probation officer. We conclude from our review of the record that these findings are not clearly erroneous.

Fielding contends that the information fails to state a Hobbs Act violation. We reject Fielding's claim that the information fails to state a Hobbs Act violation because the information tracks the language of 19 U.S.C. 1951. See U.S. v. Arlen, 947 F.2d 139, 145 (5th Cir. 1991)(stating that "[a]n indictment that tracks a statute's words is generally sufficient"). Fielding also contends

4

that there is no factual basis for his plea to the Hobbs Act violation. We need not address this claim because Fielding's plea agreement waived his right to appeal. See U.S. v. Melancon, 972 F.2d 566, 568 (5th Cir 1992).

Finally, Fielding challenges his sentence. He maintains: (1) the district court improperly included Miller Brewing as a victim even though Miller and Mason Rich had already settled and (2) the eight-level enhancement under U.S.S.G. § 2C1.1(b)(2)(B) was improper because any extortion was unrelated to his capacity as a public official and was not for the purpose of performing an official act. We review the district court's interpretation of the Guidelines de novo and its findings of fact for clear error. See U.S. v. Claiborne, 132 F.3d 253, 254 (5th Cir. 1995). We give due deference to the district court's application of the Guidelines to the facts. See U.S. v. West, 58 F.3d 133, 137 (5th Cir. 1995).

Fielding's challenges to his sentence are meritless. A civil settlement does not bar restitution. See United States v. Savoie, 985 F.2d 612, 619 (1st Cir. 1993). The district found that Fielding's fraud on Miller was relevant conduct because it was "closely intertwined" with his efforts to keep Barre & Company from discovering misrepresentations of Mason Rich's financial condition. See U.S.S.G. § 1B1.3(a). The record adequately supports this finding.

Fielding's challenge to his eight-level enhancement under § 2C1.1(b)(2)(B) also fails. The district court's finding that Fielding used his official position to extort from EDS was not

5

clearly erroneous.  In his factual resume, Fielding admits that he used his city council position to induce EDS to grant a contract to Handy Andy, Mason Rich's client.

AFFIRMED