IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20818
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAZARO ESTRADA-BELTRAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-800-2
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Lazaro Estrada-Beltran (Estrada) appeals the sentence imposed following his guilty-plea conviction for aiding and abetting the transporting and moving of illegal aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and 18 U.S.C. § 2. Relying on the testimony of his brother and co-defendant, Fadul Estrada-Beltran, Estrada argues that the district court erred in increasing his offense level by six levels pursuant to U.S.S.G. § 2L1.1(b)(2)(B) because his offense involved only 21 illegal aliens.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. United States v. Claiborne, 132 F.3d 253, 254 (5th Cir. 1998). "Credibility determinations in sentencing hearings are peculiarly within the province of the trier-of-fact." United States v. Sotelo, 97 F.3d 782, 799 (5th Cir. 1996)(internal quotation and citation omitted).

The district court found Fadul's testimony not credible because it was "wholly inconsistent" with the testimony he and Estrada offered at rearraignment regarding their involvement in the incident on July 28, 2000. Estrada, however, does not discuss any of the testimony offered at rearraignment. By not addressing the district court's specific reasons for rejecting Fadul's testimony, Estrada fails to demonstrate that the district court clearly erred in its credibility determination. See United States v. Ocana, 204 F.3d 585, 593 (5th Cir.), cert. denied, 531 U.S. 880 (2000).

The district court's factual finding that 38 illegal aliens were involved was based on the presentence report (PSR). Estrada failed to show that the information in the PSR was "materially untrue, inaccurate or unreliable." United States v. Fitzgerald, 89 F.3d 218, 223 (5th Cir. 1996). Therefore, we conclude that the district court did not err in increasing Estrada's offense level pursuant to U.S.S.G. § 2L1.1(b)(2)(B).

AFFIRMED.