United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

No. 03-40752
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMBROSIO GARCIA-CAMACHO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(C-03-CR-27-1)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ambrosio Garcia-Camacho ("Garcia") appeals his guilty-plea conviction and sentence for possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Garcia claims the district court clearly erred in refusing to grant his request for a two level reduction for being a minor participant pursuant to U.S.S.G. § 3B1.2(b). Garcia contends that he is eligible for a minor participant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reduction because he was merely a one-time drug courier even though he was the only defendant indicted in this case and was the only person involved in the transportation of this cocaine. A district court's interpretation of the Guidelines is reviewed *de novo*; its findings of fact, for clear error. *E.g.,* **United States v. Claiborne**, 132 F.3d 253, 254 (5th Cir.), *cert. denied*, 523 U.S. 1144 (1998).

Although a drug courier is not precluded from qualifying as a minor participant, *see* **United States v. Sotelo**, 97 F.3d 782, 799 (5th Cir. 1996), a defendant "may be a courier without being substantially less culpable that the average participant". **United States v. Brown**, 54 F.3d 234, 241 (5th Cir. 1995). The large quantity of cocaine being transported by Garcia supports the district court's determination that Garcia was not a minor participant. *See* **United States v. Rojas**, 868 F.2d 1409, 1409-10 (5th Cir. 1989). And, obviously, the district court was not required to accept Garcia's account of his role in the drug trafficking scheme. *See* **United States v. Buenrostro**, 868 F.2d 135, 138 (5th Cir. 1989), *cert. denied*, 495 U.S. 923 (1990). Accordingly, the ruling was not clearly erroneous. *See* **id**.

For the first time on appeal, Garcia contends that 21 U.S.C. §§ 841(a) and (b) are facially unconstitutional in the light of **Apprendi v. New Jersey**, 530 U.S. 466, 490 (2000). As Garcia concedes, his contention is foreclosed by **United States v.**

*Slaughter*, 238 F.3d 580, 582 (5th Cir. 2000), *cert. denied*, 532 U.S. 1045.  He raises the issue only to preserve it for possible further review.

                                                        **AFFIRMED**