IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-40783
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SERGIO RUBALCABA-RAMIREZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:07-CR-18-1

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Sergio Rubalcaba-Ramirez appeals his conviction of and sentence for pos-
session with intent to distribute more than five kilograms of cocaine. He argues

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that he was subjected to an illegal traffic stop because his conduct did not violate a state statute and that his stop was not supported by an informant's tip because no new indicia of probable cause was discovered after a fruitless search at the border checkpoint.

The government failed to address the validity of the traffic stop, relying instead on the reasonable suspicion arising from the informant's tip. Rubalcaba-Ramirez contends the government has waived and effectively conceded the issue. This court, however, is not bound by the government's concession of error. See United States v. Claiborne, 132 F.3d 253, 254-55 (5th Cir. 1998) (per curiam).

We examine the legality of police investigatory stops based on (1) whether the officer's action was justified at its inception and (2) whether the officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop. United States v. Brigham, 382 F.3d 500, 506 (5th Cir. 2004) (en banc) (citing Terry v. Ohio, 392 U.S. 1, 19-20 (1968)). A decision to stop a vehicle is reasonable where the officer has probable cause to believe that a traffic violation has occurred. Whren v. United States, 517 U.S. 806, 810 (1996).

Rubalcaba-Ramirez was stopped for driving on an improved shoulder. He contends that his conduct was not a traffic violation under state law and cites several state court decisions. Those decisions are distinguishable in that they involve traffic stops for failing to drive in a single lane of traffic.

Rubalcaba-Ramirez was not stopped for that violation. Instead, he violated TEX. TRANSP. CODE ANN. § 545.058, driving on an improved shoulder. Though there are exceptions to that prohibition, Rubalcaba-Ramirez does not claim one. His conduct objectively justified the stop, and there was probable cause to stop him. See Whren, 517 U.S. at 810; see also United States v. Lopez-Valdez, 178 F.3d 282, 288 (5th Cir. 1999). Because the stop was justified, it is unnecessary to address his challenge to the stop based only on the informant's tip. Accordingly, the judgment is AFFIRMED.