# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 2, 2011

Lyle W. Cayce
Clerk

No. 10-60147

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

KEITH DARRELL O'CONNOR,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi

Before DAVIS, WIENER, and BENAVIDES, Circuit Judges.

WIENER, Circuit Judge:

Defendant-Appellee Keith Darrell O'Connor pleaded guilty to the offense of possessing a firearm as a convicted felon. The government urged that O'Connor's sentence be increased under the U.S. Sentencing Guidelines ("Guidelines") because he had been convicted previously of two crimes of violence, including the Louisiana offense of unauthorized entry of an inhabited dwelling. The district court determined that unauthorized entry was not a crime of violence under the Guidelines and rejected the government's request for an increased sentence. The government appeals the sentence imposed. We vacate and remand for resentencing.

No. 10-60147

# I. FACTS & PROCEEDINGS

## A. Facts

O'Connor was charged under 18 U.S.C. § 922(g) and § 924(a)(2), which make it a crime for a convicted felon to possess a firearm. He pleaded guilty and was convicted. Initially, O'Connor's presentence investigation report (PSR) recommended assessing O'Connor a base offense level of 24 pursuant to the Guidelines because O'Connor had been previously convicted in Louisiana of two crimes of violence: (1) simple burglary of an inhabited dwelling and (2) unauthorized entry of an inhabited dwelling. O'Connor objected to the sentence recommendation, asserting that the unauthorized entry conviction did not constitute a crime of violence. His PSR was revised to reduce the recommended base offense level from 24 to 20 accordingly.

## B. Proceedings

At the sentencing hearing, the government objected to the PSR's reduction of O'Connor's base offense level. The government claimed that, pursuant to our decision in *United States v. Claiborne*,[1] O'Connor's unauthorized entry conviction should be considered a crime of violence.

The district court overruled the government's objection. Relying on the Supreme Court's analysis in *Begay v. United States*,[2] the district court concluded that unauthorized entry of an inhabited dwelling did not present a potential risk of physical injury to another person and was, therefore, not a crime of violence under the Guidelines. The district court sentenced O'Connor according to the lesser Guidelines range recommended in his revised PSR, after which the government timely filed a notice of appeal.

---

[1] 132 F.3d 253 (5th Cir. 1998) (per curiam).

[2] 553 U.S. 137 (2008).

2

No. 10-60147

## II. ANALYSIS

### A. Standard of Review

We review a district court's interpretation and application of the Guidelines de novo and that court's findings of fact for clear error.[3]

### B. Louisiana's Offense of "Unauthorized Entry of an Inhabited Dwelling" Is a Crime of Violence under the Guidelines

The Guidelines assign a base offense level of 24 to a defendant who has previously been convicted of at least two felony offenses that are crimes of violence.[4] Guidelines § 4B1.2(a) defines a "crime of violence" as an offense "punishable by imprisonment for a term exceeding one year" that either:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[5]

Louisiana defines the crime of "unauthorized entry of an inhabited dwelling" as "the intentional entry by a person without authorization into any inhabited dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person."[6]

It is undisputed that, even though the offense of unauthorized entry of an inhabited dwelling is punishable by imprisonment for a term exceeding one year, it does not qualify as a crime of violence under § 4B1.2(a)(1) because it does not have as an element the use, attempted use, or threatened use of physical force against the person of another. The government nevertheless asserts that unauthorized entry does present "a serious potential risk of physical injury to

---

[3] *See United States v. Hawkins*, 69 F.3d 11, 12 (5th Cir. 1995) (citation omitted).

[4] U.S.S.G. § 2K2.1(a)(2).

[5] *Id.* § 4B1.2(a).

[6] LA. REV. STAT. § 14:62.3(A).

3

No. 10-60147

another" per § 4B1.2(a)(2) and cites our holding in *United States v. Claiborne* for support.

In *Claiborne*, we held that Louisiana's offense of unauthorized entry qualified as a crime of violence under § 4B1.2(a)(2).[7] We likened the offense to burglary despite the fact that unauthorized entry does not require "the intent to commit a felony or any theft therein"[8] as is required for the Louisiana offense of simple burglary.[9] Nevertheless, we concluded that "a home invader's nonfelonious mindset [does not] eliminate[] the risk of physical injury to his victims," based on the reasoning that "[a] homeowner's surprise confrontation with an intruder is laced with the potential for violence, regardless of whether the intruder is a burglar or merely an unauthorized entrant."[10]

O'Connor challenges our *Claiborne* holding, however, asserting that our conclusion is undermined by the Supreme Court's subsequent analysis in *Begay v. United States*, as relied on by the district court. In *Begay*, the Supreme Court did not address the crime of unauthorized entry but did provide guidance for interpreting the Guidelines' provision defining crimes of violence. The Court explained that the Guidelines' inclusion of offenses that present a serious potential risk of physical injury in § 4B1.2(a)(2) is not "all-encompassing" because "if Congress meant [§ 4B1.2(a)(2)] to include *all* risky crimes, why would it have included [§ 4B1.2(a)(1)]?"[11] The Court specifically instructed that "we should read the examples [of burglary, arson, extortion, and use of explosives]

---

[7]  132 F.3d at 255-56.

[8]  LA. REV. STAT. § 14:62.1(A)

[9]  *See Claiborne*, 132 F.3d at 256.

[10]  *Id.*

[11]  *Begay*, 553 U.S. at 142.

as limiting the crimes that [§ 4B1.2(a)(2)] covers to crimes that are roughly similar, in kind as well as in degree of risk posed, to the examples themselves."[12]

Applying this understanding of the relevant Guidelines provision, the Court concluded that the defendant's crime of driving under the influence of alcohol was not a violent crime:

> [C]rimes involving intentional or purposeful conduct (as in burglary and arson) are different than DUI, a strict liability crime. In both instances, the offender's prior crimes reveal a degree of callousness toward risk, but in the former instance they also show an increased likelihood that the offender is the kind of person who might deliberately point the gun and pull the trigger.[13]

This assessment of the Guidelines, if anything, only bolsters our conclusion in *Claiborne*. The Louisiana crime of unauthorized entry is expressly defined as the "*intentional* entry by a person without authorization."[14] Even though a defendant convicted of unauthorized entry need not possess an intent to commit a felony once he enters the residence, he still must act intentionally and purposefully to enter it, and his actions still are "roughly similar, in kind as well as in degree of risk posed," to burglary.

O'Connor also relies on *Chambers v. United States*,[15] in which the Supreme Court addressed whether the crime of "failure to report to a penal institution" constituted a crime of violence under the Guidelines. The Court held that it did not because "[c]onceptually speaking, the crime [of failure to report] amounts to a form of inaction . . . . While an offender who fails to report must of course be doing *something* at the relevant time, there is no reason to believe that

---

[12] *Id.* at 143.

[13] *Id.* at 146.

[14] LA. REV. STAT. § 14:62.3(A) (emphasis added).

[15] 129 S. Ct. 687 (2009)

No. 10-60147

the *something* poses a serious potential risk of physical injury."[16] Here, the crime of unauthorized entry is undoubtedly an "active" crime, so the *Chambers* holding does not undermine our conclusion. The *Chambers* Court reiterated that "[t]he question is whether such an offender is significantly more likely than others to attack, or physically to resist, an apprehender, thereby producing a 'serious potential risk of physical injury.'"[17] Again, because unauthorized entry requires the intentional act of entering the home of another—where "[a] homeowner's surprise confrontation with an intruder is laced with the potential for violence"[18]—unauthorized entry comes within this category of violent crimes.

Finally, O'Connor points to our decision in *United States v. Armendariz-Moreno*,[19] in which we held that the Texas crime of "unauthorized use of a vehicle" was not a violent crime under the Guidelines. Specifically, we explained:

> [The Supreme Court opinions in *Begay* and *Chambers*] hold that the generic crime of violence or aggravated felony must itself involve purposeful, violent and aggressive conduct. The risk of physical force may exist where the defendant commits the offense of unauthorized use of a vehicle, but the crime itself has no essential element of violent and aggressive conduct.[20]

Even though unauthorized use of a vehicle must be intentional,[21] like the crime of unauthorized entry, it does not by its nature involve the same threat of

---

[16] *Id.* at 692 (emphases in original and citations omitted).

[17] *Id.*

[18] *Claiborne*, 132 F.3d at 256.

[19] 571 F.3d 490 (5th Cir. 2009) (per curiam).

[20] *Id.* at 491.

[21] Texas law defines the crime of "unauthorized use of a vehicle" as a person "intentionally or knowingly operat[ing] another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner." TEX. PENAL CODE ANN. § 31.07(a).

6

violence. Simply put, entering an *inhabited dwelling* that is used at least in part as a home by another person presents a much more serious risk of a violent conflict than does the use of another person's vehicle without permission. In that way, unauthorized entry is akin to burglary—a listed § 4B1.2(a)(2) crime—whereas unauthorized use of a vehicle is not. Consequently, both *Claiborne* and *Armendariz-Moreno* are consistent with the Supreme Court's analysis in *Begay* and *Chambers.*

We hold that *Claiborne* remains good law and that the district court erred in its application of the Guidelines by not treating O'Connor's Louisiana conviction of unauthorized entry as a crime of violence.

## III. CONCLUSION

For the foregoing reasons, we vacate O'Connor's sentence and remand to the district court for resentencing.

VACATED and REMANDED.