# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30130
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL WAYNE DAVIS, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CR-26-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Michael Wayne Davis, Jr., appeals the sentence imposed following his guilty plea conviction for possession of firearms and ammunition by a convicted felon. Applying the Armed Career Criminal Act (ACCA) enhancement, the district court sentenced Davis to 180 months of imprisonment.

Davis argues on appeal that he is not subject to the ACCA enhancement because the Louisiana offense of unauthorized entry of an inhabited dwelling

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30130

is not a violent felony as defined by the ACCA, and that the ACCA's residual clause is constitutionally void for vagueness. The Government has filed a motion for a summary affirmance, or, alternatively, for an extension of time within which to file a brief, contending that Davis's arguments are foreclosed by circuit precedent. The Government correctly concedes that Davis's appeal waiver does not bar his appeal. *See United States v. House*, 394 F. App'x 122, 124 (5th Cir. 2010); *United States v. Harris*, 434 F.3d 767, 770 (5th Cir. 2005).

With respect to Davis's first argument, we have held that the crime of unauthorized entry of an inhabited dwelling under Louisiana law involves conduct that presents a serious potential risk of physical injury to another. *See United States v. O'Connor*, 632 F.3d 894, 898 (5th Cir. 2011). Although *O'Connor* addressed whether unauthorized entry of an inhabited dwelling was a crime of violence for purposes of U.S.S.G. § 4B1.2, *id.*, we have "previously applied our holdings under the residual clause of the ACCA to analyze the definition of crimes of violence under § 4B1.2, and vice versa." *United States v. Hughes*, 602 F.3d 669, 673 n.1 (5th Cir. 2010). In a recent unpublished decision, we concluded that an intervening Supreme Court decision did not overrule *O'Connor* and held that the Louisiana unauthorized entry offense was a violent felony under the ACCA. *United States v. Arteaga,* 436 F. App'x 343, 350-51 (5th Cir. 2011). While the parties contend that *Arteaga* forecloses Davis's argument, that decision is not precedent. *See* 5TH CIR. R. 47.5.4. Nevertheless, given the holding of *O'Connor* and the persuasive analysis in *Arteaga,* we agree with the parties that Davis's argument fails. Davis's constitutional challenge to the ACCA is foreclosed, as he concedes. *See James v. United States*, 550 U.S. 192, 210 n.6 (2007); *United States v. Gore,* 636 F.3d 728, 742 (5th Cir. 2011).

2

No. 14-30130

The judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is DENIED, and its alternative motion for an extension of time to file a brief is DENIED as unnecessary.