# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30922
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KENNETH READO,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CR-6-1

Before JONES, CLEMENT, and OLDHAM, Circuit Judges.

PER CURIAM:*

Kenneth Reado appeals the 92-month prison term and three-year term of supervised release imposed on his guilty plea conviction for possessing a firearm after a felony conviction. We vacate and remand for resentencing.

The district court assigned Reado a base offense level of 20 based on 2011 predicate convictions under Louisiana law for simple burglary of an inhabited dwelling. *See* LA. REV. STAT. ANN. 14:62.2 (1978). Because Reado did not object

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30922

in the district court, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 136 (2009); *see also* FED. R. CRIM. P. 52(b).

A defendant convicted of possessing a firearm after a felony conviction for a crime of violence is assigned a base offense level of 20. U.S.S.G. § 2K2.1(a)(4); *see* U.S.S.G. § 4B1.2(a). But if there was no prior crime of violence (and no other basis for enhancement), the base offense level is 12. § 2K2.1(a)(7). Because no other basis for enhancement exists here, the guidelines sentencing range falls to 41 to 51 months if the crime-of-violence enhancement is inapplicable. *See* U.S.S.G., Ch.5, Pt.A, Sentencing Table.

Here the enhancement is inapplicable because, due to a guidelines amendment effective August 1, 2016, simple burglary of an inhabited dwelling is no longer a crime of violence under U.S.S.G. § 4B1.2(a). *See* U.S.S.G., App. C, Amendment 798. The amendment eliminated burglary of a dwelling as an enumerated offense. *Id.*; *see* U.S.S.G. § 4B1.2(a)(2). And Louisiana simple burglaries do not qualify as crimes of violence under § 4B1.2(a)(1), which applies to crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another." *Cf. United States v. O'Connor*, 632 F.3d 894, 896 (5th Cir. 2011). Thus, the error is not subject to reasonable dispute, i.e., it is plain. *See Puckett*, 556 U.S. at 135.

The error resulted in a guidelines sentencing range of 92 to 115 months, instead of the correct range of 41 to 51 months. This error affected Reado's substantial rights. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016). Indeed, the district court explicitly tied the 92-month sentence to the (incorrect) guidelines range. We see no reason not to exercise our discretion to vacate and remand. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018).

SENTENCE VACATED; REMANDED FOR RESENTENCING.