# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2021

Lyle W. Cayce
Clerk

No. 20-40496

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE GUADALUPE RODRIGUEZ, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CR-2036-1

Before WIENER, DENNIS, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Jose Guadalupe Rodriguez, Jr., was convicted of one count of possession of 29.26 kilograms of methamphetamine with intent to distribute, and received a below-guidelines sentence of 200 months in prison as well as five years of supervised release. Rodriguez appeals two conditions of supervised release that forbid him from possessing controlled substances

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40496

without a prescription or psychoactive substances without preapproval from his probation officer. He argues these conditions must be vacated because they were not orally pronounced at sentencing.

In *United States v. Diggles*, 957 F.3d 551, 557–59 (5th Cir. 2020) (en banc), *cert. denied*, 2020 WL 6551832 (U.S. Nov. 9, 2020) (No. 20-5836), we explained that conditions of supervised release are part of a defendant's sentence that must be orally pronounced at sentencing unless their imposition is required by 18 U.S.C. § 3583(d). "If the in-court pronouncement differs from the judgment that later issues, what the judge said at sentencing controls." *Id*. at 557. Still, "[o]ral in-court adoption of a written list of proposed conditions," whether taken from the PSR or standing order of the court, fulfills the pronouncement requirement. *Id*. at 560–61; *see also United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020) (practice of adopting written list of proposed conditions "works to the defendant's benefit because it affords earlier notice than when a defendant hears conditions for the first time when the judge announces them" (quotation omitted)). In the case of a discrepancy between the oral pronouncement of sentence and the written judgment, we must determine whether it is "a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006).

We find no error here because Rodriguez's oral and written sentences do not conflict.[1] The PSR recommended "Substance Abuse Treatment, Testing, and Abstinence" during its recommended period of supervised

---

[1] Although Rodriguez failed to object to these conditions below, which would typically trigger plain-error review, he argues we should review for abuse of discretion because the district court's failure to pronounce the conditions orally deprived him of any opportunity to object. We need not decide this issue, however, because we find no reversible error by the district court under either standard.

release, with six paragraphs of specifics. No other release conditions were recommended. Rodriguez reviewed the PSR with his attorney and lodged multiple objections to it, none related to these conditions. At the sentencing hearing, the district court pronounced: "In addition to the mandatory and standard conditions, substance abuse testing and treatment will be ordered." In the written judgment, under "Special Conditions of Supervision," the court included the heading "Substance Abuse Treatment and Testing," and beneath it four of the six paragraphs from the PSR recommendation, reproduced *verbatim* (omitting only two paragraphs specific to alcohol use).

As another panel of our court recently found, circumstances such as these present no conflict between oral and written sentences. "Based on the evidence of [the defendant's] history of [drug] abuse and the orally pronounced supervised release conditions requiring him to participate in substance-[abuse] treatment programs, we conclude that prohibiting unprescribed controlled substances . . . and psychoactive substances did not conflict with the oral pronouncement of the sentence." *United States v. Lozano*, No. 19-40011, 2020 WL 6478509, at *5 (5th Cir. Nov. 3, 2020) (citing *Mireles*, 471 F.3d at 558). Rodriguez argues that the district court's oral reference to "testing and treatment" adopted only two paragraphs of the PSR's recommendations, but in the context of the PSR, the court's words logically referred to the entire "Substance Abuse Treatment, Testing, and Abstinence" recommendation.[2]

AFFIRMED.

---

[2] The Government agrees with Rodriguez, but "[w]e are not bound by the Government's concession of error and give the issue independent review." *United States v. Hope*, 545 F.3d 293, 295 (5th Cir. 2008); *see also United States v. Claiborne*, 132 F.3d 253, 254, 256 (5th Cir. 1998). The Government's concession came before our decision in *Lozano*, which we find persuasive.