**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-11018
No. 97-11019

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ANTHONY QUINN PRICE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Texas

_____

July 30, 1998

Before JOLLY, SMITH, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


Anthony Price appeals the determination that, for purposes of
U.S.S.G. § 2A2.2(b)(3), he inflicted "permanent or life-threatening
bodily injury" on a law enforcement officer whom he hurled through
a plate-glass door.  We affirm.


I.

The parties do not dispute the central facts of this case.
FBI Special Agent T. Scott Hendricks went to Price's apartment to

execute an arrest warrant that named Price for theft of government property.  The agent identified himself and obtained Price's consent to search the premises.  After the search, Hendricks told Price he was under arrest.  As Hendricks attempted to handcuff him, Price resisted and tossed the agent through the plate-glass front door.  Price fled the scene, but was arrested later that day.

Price pleaded guilty to assault on a federal officer, 18 U.S.C. § 111(a)(1) & (b), and to theft of government property, 18 U.S.C. § 641.  The pre-sentence report recommended adding six levels to Price's base offense level pursuant to U.S.S.G. § 2A2.2(b)(3), the aggravated assault guideline, on the ground that he inflicted "permanent or life-threatening bodily injury."

Hendricks testified that three tendons and some nerves in his left hand had been severed and that he experienced difficulty firing a gun with his left hand (his non-dominant hand) and that his injuries were permanent.  The surgeon who operated submitted a letter in which he estimated that Hendricks suffered a 10 to 20% loss of function in his left thumb from the tendon injuries and an additional 5% from the nerve damage.  The surgeon also stated that the injuries were permanent.

Price insisted that Hendricks's injuries should be characterized as "serious bodily injury," which would warrant an increase of four rather than six levels.  The court disagreed, finding that Price had inflicted "permanent or life-threatening bodily injury," and sentenced him to two concurrent sixty-four-

2

month prison terms and three years of supervised release.

## II.

We review the application of the sentencing guidelines *de novo* and findings of fact for clear error. *United States v. Claiborne*, 132 F.3d 253, 254 (5th Cir.) (per curiam), *cert. denied*, 118 S. Ct. 1855 (1998). The severity of a victim's injuries is a factual determination and thus reviewed for clear error. *United States v. Davis*, 19 F.3d 166, 171 (5th Cir. 1994).

## III.

This case hinges on what constitutes "permanent or life-threatening bodily injury" for purposes of U.S.S.G. § 2A2.2(b)(3)(C). That phrase is defined in U.S.S.G. § 1B1.1, application note 1(h), which provides:

> "Permanent or life-threatening bodily injury" means injury involving a substantial risk of death; loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent.

Price argues that the district court wrongly focused on the permanence of Hendricks's injuries "to the exclusion of all else." His point is that the six-level enhancement should be reserved for the most serious of injuries; applying it in the instant case, he argues, would dilute the guideline and lead to absurd results.

We do not agree. The plain language of application note 1(h) encompasses injuries that may not be terribly severe but are permanent, hence the disjunctive: "permanent *or* life-threatening injuries." Absurdity is avoided by the requirement that the injury be "substantial." The loss of a fingernailSSPrice's hypotheticalSS does not surmount the threshold of substantiality.

Consider the definition of "serious bodily injury," the lesser category that Price insists the district court should have applied. U.S.S.G. § 1B1.1, application note 1(j), explains that "'serious bodily injury' means injury involving extreme physical pain or the impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." This definition, which plainly encompasses severe but temporary or treatable injuries, provides adscititious authority that the top category punishes not just the severity of the injury, but also its duration.

Accordingly, the district court rightly applied the six-level enhancement. Hendricks and his surgeon stated that the damage to his hand is permanent. Hendricks's testimony concerning the degree of impairment was corroborated by the surgeon, who determined that the agent had lost a total of 15 to 25% of hand function. Given this testimony, the court did not clearly err in concluding that Hendricks suffered "permanent or life-threatening bodily injury"

4

under § 2A2.2(b)(3)(C).

AFFIRMED.