IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40923
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH JOHNSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CR-130-ALL
--------------------
May 17, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kenneth Johnson appeals the 180-month sentence imposed by the district court after he pleaded guilty to carjacking in violation of 18 U.S.C. § 2119. Johnson argues that the district court erred by (1) increasing his offense level because the victim suffered serious bodily injury; (2) increasing his offense level for obstruction of justice based on his escape from the back of the police car; (3) increasing his offense level for use of a dangerous weapon -- the car; and (4) denying him a reduction in offense level for acceptance of responsibility.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's application of the Sentencing Guidelines de novo. United States v. Price, 149 F.3d 352, 353 (5th Cir. 1998). The court's findings of fact are reviewed for clear error. Id.

Section 2B1.3(b)(3), U.S.S.G., provides that with respect to the offense of robbery, a defendant's offense level is increased by four levels if the victim sustained serious bodily injury. "Serious bodily injury" means injury (1) involving extreme physical pain or the protracted impairment of a bodily member, organ, or mental faculty; or (2) requiring medical intervention such as surgery, hospitalization, or physical rehabilitation. § 1B1.1, comment (n.1(j)). As noted by the district court, the victim wore a prosthesis for at least several months after the incident, and she went back to the hospital two days after the incident to get more pain medication. The district court did not clearly err in determining that the victim suffered serious bodily injury under the guidelines.

The obstruction-of-justice adjustment applies to defendants whose conduct includes the "escaping or attempting to escape from custody before trial or sentencing." § 3C1.1(n.4(e)). However, conduct involving "avoiding or fleeing from arrest" does not ordinarily warrant the adjustment. § 3C1.1(n.5(d)). "Flight alone" may constitute obstruction of justice under § 3C1.1, "even if such flight closely follows the defendant's arrest." See United States v. Huerta, 182 F.3d 361, 365 (5th Cir. 1999), cert. denied, 528 U.S. 1191 (2000).

After being arrested, handcuffed, and placed in the rear seat of the police car, Johnson freed himself from the handcuffs, kicked out the window of the police car, and escaped. Thus, even assuming that this court would consider whether a defendant's acts were "spontaneous and instinctive" rather than "calculated" in making an obstruction determination, Johnson would not benefit from such consideration. Cf United States v. Draves, 103 F.3d 1328, 1336-37 (7th Cir. 1997)(defendant was left unattended in the back of a patrol car fled); United States v. Garcia, 909 F.2d 389, 390-91 (9th Cir. 1990)(defendant "bolted" into a nearby field after a traffic stop). The district court did not err by assessing the obstruction-of-justice enhancement.

With regard to Johnson's contention that the Government failed to prove that he used the vehicle as a weapon, or that he intended to cause injury, § 2B3.1(b)(2)(D) provides that if a dangerous weapon is "otherwise used" during the commission of a robbery, the defendant's offense level is increased by four levels. A "dangerous weapon" means "an instrument capable of inflicting death or serious bodily injury." § 1B1.1, comment (n.1(d)). "Otherwise used" means conduct "more than brandishing, displaying, or possessing[.]" § 1B1.1, comment (n.1(g)).

Factual findings made in a presentence report are presumed reliable absent rebuttal evidence demonstrating their unreliability. United States v. Franklin, 148 F.3d 451, 460 (5th Cir. 1998). Other than his self-serving assertions otherwise, Johnson presented no evidence to rebut the presentence report's account of how the victim's foot was run over. Based on such

account, the district court did not err by enhancing Johnson's sentence under § 2B3.1(b)(2)(D).  Cf. United States v. Morris, 131 F.3d 1136, 1139 (5th Cir. 1997).

Johnson also has not shown that the district court clearly erred by denying him a decrease in offense level based on acceptance of responsibility.  Conduct resulting in an obstruction-of-justice enhancement ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.  § 3E1.1, comment(n.4).  Moreover, it is appropriate to consider whether a defendant has voluntarily withdrawn from criminal conduct in determining whether he qualifies for the acceptance-of-responsibility adjustment.  § 3E1.1, comment(n.1(b)); see United States v. Rickett, 89 F.3d 224, 227 (5th Cir. 1996)(pretrial drug use).  The judgment of the district court is AFFIRMED.

AFFIRMED.