[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 29, 2005**
**THOMAS K. KAHN**
**CLERK**

_____

No. 04-16033
Non-Argument Calendar

_____

D. C. Docket No. 04-00016-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT YOUNG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(July 29, 2005)**

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Albert Young appeals his 199-month sentence imposed for robbing a bank

and using a firearm during the commission of a robbery, in violation of 18 U.S.C. § 2113(a), (d) and 18 U.S.C. § 924(c). Young raises two issues on appeal.

## I.

First, Young argues that his Sixth Amendment rights were violated because the district court enhanced his sentence on the basis of facts that were found only by a preponderance of the evidence, instead of by the beyond-a-reasonable-doubt standard required by United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). Young's argument is misplaced, however, because he waived his Sixth Amendment rights pursuant to his plea agreement.

A defendant is permitted to waive certain constitutional rights through a plea agreement, so long as the agreement was made knowingly and voluntarily. Parke v. Raley, 506 U.S. 20, 28–29, 113 S. Ct. 517, 523 (1992); United States v. Brown, 117 F.3d 471, 476 (11th Cir. 1997). In Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), the Supreme Court specifically stated that a defendant may waive his Sixth Amendment right to be sentenced only on the basis of facts found by the jury or admitted by him. "[N]othing prevents a defendant from waiving his Apprendi rights. When a defendant pleads guilty, the [government] is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." Blakely, 124 S. Ct. at 2541.

Here, the plea agreement signed by Young and his counsel specifically stated that Young "consent[ed] to being sentenced under the United States Sentencing Guidelines, waive[d] any right to have a jury resolve and decide sentencing issues, including possible enhancements to his sentence, waive[d] any right to have sentencing issues, including possible enhancements to his sentence presented to a grand jury, [and] expressly confer[red] upon the court the right to decide any and all sentencing issues by a preponderance of the evidence standard." Young does not contend that his waiver was uninformed or involuntary. Therefore, Young waived his Sixth Amendment rights and his Booker argument is foreclosed.[1]

## II.

Second, Young contends that the district court erred in applying a six-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(3)(C) because one of the robbery victims sustained a permanent or life-threatening injury. The court applied the enhancement because Beverly Conner, one of the bank tellers present during the

---

[1] There are two types of Booker error. The first is the constitutional error, which Bennett waived his right to challenge in his plea agreement. The second is the statutory error of "misappl[ing] the guidelines by considering them as binding as opposed to advisory." United States v. Shelton, 400 F.3d 1325, 1330–31 (11th Cir. 2005). Because Bennett filed his brief after the Supreme Court issued its decision in Booker and he argues only constitutional error, however, we need not consider whether there was statutory error in this case. See United States v. Silvestri, 409 F.3d 1311, 1338 n.18 (11th Cir. 2005) ("[A]n issue not raised in a party's initial appellate brief is considered waived . . . .").

3

robbery, suffered a heart attack immediately afterward. Young argues that the district court erroneously enhanced his sentence because there was no evidence in the record to suggest that Conner's injury was either permanent or life-threatening.

"This Court reviews the district court's application of the sentencing guidelines de novo and its findings of fact for clear error." United States v. Grant, 397 F.3d 1330, 1332 (11th Cir. 2005). "The severity of a victim's injuries is a factual determination and thus reviewed for clear error." United States v. Price, 149 F.3d 352, 353 (5th Cir. 1998). "[W]e will not find clear error unless our review of the record leaves us with the definite and firm conviction that a mistake has been committed." United States v. White, 335 F.3d 1314, 1319 (11th Cir. 2003) (internal marks omitted).

The sentencing guidelines provide for a six-level enhancement if any victim of a robbery sustained a "[p]ermanent or life-threatening bodily injury." U.S.S.G. § 2B3.1(b)(3)(C). "Permanent or life-threatening bodily injury" is defined as "injury involving a substantial risk of death; loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent." Id. § 1B1.1, cmt. n.1(J). We have said that this language "encompasses injuries that may not be terribly severe but are permanent, hence the disjunctive: 'permanent or

4

life-threatening injuries.'" United States v. Torrealba, 339 F.3d 1238, 1246 (11th Cir. 2003).

We discern no clear error in the district court's determination that Conner's injury was "permanent or life-threatening," as defined by the guidelines. The record shows that immediately following the robbery Conner suffered a heart attack and had to be taken by ambulance to the hospital. She was hospitalized for four days and had to undergo a cardiac catheterization. Conner's treating physician indicated that her injuries are permanent; she will require a lifetime of medical care as a result of her heart attack. Conner stated that, because of the heart attack, she has to take four different medications and will have to continue doing so for the rest of her life.

Although Conner's heart attack was (fortunately) not as serious as it may have been, it has permanently affected her health. Furthermore, given that heart attacks are often fatal, we see no error in the district court's conclusion that even a relatively minor heart attack is an "injury involving a substantial risk of death." See U.S.S.G. § 1B1.1, cmt. n.1(J). Therefore, we conclude that it was not clearly erroneous for the district court to apply the six-level enhancement for causing a permanent or life-threatening injury under § 2B3.1(b)(3)(C).

AFFIRMED.