# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 28, 2011

Lyle W. Cayce
Clerk

No. 10-20682
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEX JULCA, also known as El Diablo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-557-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alex Julca was convicted of one count of conspiracy to harbor, conceal, or shield from detection aliens and three counts of aiding and abetting the harboring, concealing, or shielding from detection aliens for the purpose of private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (v)(I), (v)(II), (B)(i). Julca challenges the 105-month term of imprisonment imposed by the district court, contending that the district court reversibly erred by applying a four-level enhancement for serious bodily injury pursuant to U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.1(b)(7)(B), which was based on evidence that several aliens were physically beaten and sexually abused while they were detained.  Julca contends that there was insufficient evidence to establish that any beatings resulted in serious bodily injury as that term is defined under the Sentencing Guidelines.  Julca further argues that even though sexual abuse constitutes serious bodily injury, the conduct should not be attributed to him in this case because it was not reasonably foreseeable.

Julca did not argue in the district court that the physical beatings did not satisfy the definition of "serious bodily injury."  Thus, we review this issue for plain error.  *See United States v. Cabral-Castillo,* 35 F.3d 182, 188-89 (5th Cir. 1994).  The determination of "serious bodily injury" is a factual determination. *United States v. Garza-Robles*, 627 F.3d 161, 169 (5th Cir. 2010); *see also United States v. Price*, 149 F.3d 352, 353 (5th Cir. 1998) (holding that the severity of an injury in a different guidelines context is a question of fact).  The record as a whole supports a finding of "serious bodily injury."  *See Garza-Robles*, 627 F.3d at 169.  As we affirm on this basis, we need not reach Julca's argument that the sexual abuse committed by other members of the conspiracy was not reasonably foreseeable.

The judgment of the district court is AFFIRMED.