# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50854
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NORMA JUAREZ TAHA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-491-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Norma Juarez Taha appeals the sentence imposed following her jury conviction for kidnapping. She argues that the district court clearly erred in applying a two-level enhancement pursuant to Section 2A4.1(b)(2)(B) of the United States Sentencing Guidelines based on a finding that the victim suffered a "serious bodily injury."

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50854

We review *de novo* whether a court misinterpreted the Sentencing Guidelines and committed legal error, but we review the application of the Guidelines to the specific facts of the case for clear error. *See United States v. Lyckman*, 235 F.3d 234, 237 (5th Cir. 2000). The severity of an injury is a factual inquiry. *See United States v. Moore*, 997 F.2d 30, 37 (5th Cir. 1993). We will overturn a factual finding for clear error "only if, based on the entire evidence, [we are] left with the definite and firm conviction that a mistake has been committed." *United States v. Malone*, 828 F.3d 331, 337 (5th Cir. 2016). If there are two permissible views of the evidence, the choice between them cannot be clearly erroneous. *United States v. Hebert*, 813 F.3d 551, 560 (5th Cir. 2015).

Section 2A4.1(b)(2)(B) of the Sentencing Guidelines provides for a two-level enhancement if, as a result of a kidnapping, the victim sustained "serious bodily injury." That phrase is defined as "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." § 1B1.1, cmt. n.1(M). The record as a whole supports a finding that the victim's physical injury sustained as a result of the kidnapping involved extreme pain, despite its temporary nature and the lack of the need for surgery or hospitalization. *See United States v. Price*, 149 F.3d 352, 354 (5th Cir. 1998); *Moore*, 997 F.2d at 37.

The district court did not clearly err in applying the Section 2A4.1(b)(2)(B) enhancement.

AFFIRMED.

2